UNITED STATES of America,
Plaintiff–Appellee,

v.

Mark Louis SANDON, Defendant–
Appellant.

No. 06–10543.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 17, 2008.*

Filed Dec. 5, 2008.

Mary Beth Pfister, Esq., Office of the
U.S. Attorney, Phoenix, AZ, for Plaintiff–
Appellee.

James Sun Park, Esq., Park Law Office
PLC, Phoenix, AZ, for Defendant–Appellant.

Before: HALL, T.G. NELSON, and
THOMAS, Circuit Judges.

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

## MEMORANDUM **

Mark Sandon appeals his 210–month sentence upheld by the district court on a limited *Ameline* remand. Because the parties are familiar with the history of this case, we will not recount it here.

## I

The purpose of an *Ameline* remand is to ascertain whether treating the Guidelines as mandatory resulted in an "error affect[ing] substantial rights, by determining whether the sentence would have been materially different under advisory Guidelines." *United States v. Thornton,* 511 F.3d 1221, 1225 (9th Cir.2008). In order to conduct a proper *Ameline* review, the district judge should evaluate the record, consider the views of counsel, and determine whether she would have chosen the same sentence under a discretionary regime. *United States v. Silva,* 472 F.3d 683, 685 (9th Cir.2007). "If the district court decides that she would have chosen the same sentence, no plain error occurred, and the *original* sentence stands." *Id.*

■ In this case, the district judge followed the proper limited *Ameline* remand procedure. He (1) allowed counsel to submit memoranda so he could consider their views; (2) evaluated the record; (3) determined that the sentence would not have been materially different under an advisory regime; and (4) adequately demonstrated he understood the scope of his discretion in a post-*Booker* world. The court's sole responsibility was to consider whether the original sentence would have been materially different, and once Judge Strand decided that issue in the negative, his job was done.

## II

"Under the [law of the case] doctrine, a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in an identical case." *Milgard Tempering, Inc. v. Selas Corp. of America,* 902 F.2d 703, 715 (9th Cir.1990). While application of the doctrine is discretionary, we have recognized three situations in which it is appropriate to reconsider a previously decided issue: "(1) the first decision was clearly erroneous or would result in manifest injustice; (2) an intervening change in the law has occurred; or (3) the evidence on remand was substantially different." *Id.*

■ After the district court completed Sandon's *Ameline* remand, the *en banc* decision in *Navarro–Lopez* was filed. *Navarro–Lopez v. Gonzales,* 503 F.3d 1063 (9th Cir.2007) (en banc). In *Navarro–Lopez,* we held that the modified categorical approach can only be applied when the particular elements in a crime of conviction are broader than the generic crime, not when the crime of conviction is missing an element altogether, because a reviewing court could "never find that 'a jury was actually required to find all the elements of' the generic crime." *Id.* at 1073 (quoting *Li v. Ashcroft,* 389 F.3d 892, 899–901 (9th Cir.2004) (Kozinski, J., concurring)). *Navarro–Lopez* held that even if a defendant admits to the missing elements, those admissions cannot be used "because they were not necessary for a conviction." *Id.*

*Navarro–Lopez* is intervening controlling authority that precludes a modified categorical analysis when, as here, the statute is missing an element of the generic crime. The Supreme Court has deter-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

mined the first element of a burglary as "an unlawful or unprivileged entry." *Taylor v. United States,* 495 U.S. 575, 599, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Because Arizona's burglary statute is missing this element, Sandon's admission that his entry was unprivileged "cannot be used to conform [Sandon's burglary conviction] to the generic definition of [burglary under § 924(e) ]." *Navarro–Lopez,* 503 F.3d at 1073. The district court did not have the benefit of *Navarro–Lopez* when it re-sentenced Sandon. We therefore remand to the district court for resentencing consistent with this disposition.

**REMANDED.**